STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
WASHINGTON COUNTY SUPERIOR COURT

TIMOTHY REGAN, KATHLEEN F. REGAN, HAROLD H. HULTGREN REVOCABLE TRUST, MARTHA A. HULTGREN REVOCABLE TRUST, and CHARLESTOWN LAND GROUP, LLC.

CA 06 311 S

V.

WC-
C.A. NO. 2006-395

NEW CINGULAR WIRELESS, PCS, LLC, f/k/a AT&T WIRELESS PCS, LLC, MCF COMMUNICATIONS, INC., and MICHAEL RZEWUSKI, RONALD CROSSON, RAYMOND DRECZKO, LYNN MANNING, and CASEY HIBBARD, in their capacities as members of the TOWN OF CHARLESTOWN ZONING BOARD OF REVIEW, and the TOWN OF CHARLESTOWN

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.
06 JUN 29 PM 2:38

# COMPLAINT

1. Plaintiffs Timothy Regan and Kathleen F. Regan, husband and wife ("the Regans"), are owners of real property located at 69 Ocean Ridge Drive in the Town of Charlestown, County of Washington, State of Rhode Island. As owners of 69 Ocean Ridge Drive, the Regans own a 1/34th undivided interest in property described as Lot 96 on Charlestown Tax Assessor's Plat 14.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

2. Plaintiffs Harold H. Hultgren Revocable Trust and Martha A. Hultgren Revocable Trust (collectively "the Hultgren Trusts") are the owners of real property located at 72 Sea View Drive in the Town of Charlestown, County of Washington, State of Rhode Island. As owners of 72 Sea View Drive, the Hultgren Trusts own a 1/34th undivided interest in property described as Lot 96 on Charlestown Tax Assessor's Plat 14.

3. Plaintiff Charlestown Land Group, LLC ("Charlestown Land Group"), is a Rhode Island limited liability company with a place of business located at 85 Tollgate Road,

Warwick, Rhode Island, and is the owner of real property located in the Town of Charlestown, County of Washington, State of Rhode Island described as Lot 96 on Charlestown Tax Assessor's Plat 14.

4. Defendant New Cingular Wireless, PCS, LLC, f/k/a AT&T Wireless PCS, LLC ("AT&T"), is a foreign limited liability company authorized to do business in the State of Rhode Island.

5. Defendant MCF Communications, Inc. ("MCF"), is a foreign corporation authorized to do business in the State of Rhode Island.

6. Defendants Michael Rzewuski, Ronald Crosson, Raymond Dreczko, Lynn Manning, and Casey Hibbard are members of the Town of Charlestown Zoning Board of Review (collectively "the board").

7. Defendant Town of Charlestown is a municipal corporation organized and existing under the laws of the State of Rhode Island and is located in the County of Washington, State of Rhode Island.

8. On or about May 30, 2003, AT&T and MCF filed an application with the board seeking a special use permit to install a telecommunications tower for cellular telephone service on property described as Lot 103 on Charlestown Tax Assessor's Plat 14.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

9. Section 45-24-42(4) of the General Laws and § 218-25B of the Charlestown Zoning Ordinance required AT&T and MCF to give notice by certified mail at least fourteen days before the date of hearing on the special use permit application to all abutting property owners within 200 feet of the perimeter of Lot 103 on Charlestown Assessor's Plat 14. Per this statute and ordinance, the notice must be sent to the last known address of these property owners as shown on the current real estate tax assessment records for the Town of Charlestown.

10. The original hearing date for AT&T's and MCF's special use permit application was July 15, 2003, at 7:00 p.m.

11. Lot 96 on Charlestown Tax Assessor's Plat 14 owned by the Charlestown Land Group, the Regans, and the Hultgren Trusts lies within a 200 foot perimeter of Lot 103 on Charlestown Tax Assessor's Plat 14.

12. The Charlestown Tax Assessor's records listed Lot 96 on Tax Assessor's Plat 14 as being owned by the Charlestown Land Group, and gives its mailing address as 250 Centerville Road, Bldg. F, Warwick RI 02886.

13. Pursuant to Section 45-24-42(4) of the General Laws and § 218-25B of the Charlestown Zoning Ordinance, AT&T and MCF attempted to provide notice of the hearing on its special use permit application scheduled for July 15, 2003, to the Charlestown Land Group by mailing notice thereof to 250 Centerville Road, Bldg. F, Warwick RI 02886, by certified mail.

14. The correct mailing address for the Charlestown Land Group is 85 Tollgate Road, Warwick RI 02886, and has been so continuously since 1994.

15. Upon information and belief, the certified mailing of the notice to the Charlestown Land Group mentioned in paragraph 13 was returned to AT&T and/or MCF or its agents as undeliverable.

16. Upon information and belief, AT&T and/or MCF made no further effort and/or made inadequate efforts to learn the correct mailing address for the Charlestown Land Group upon learning that 250 Centerville Road, Bldg. F, Warwick RI 02886, was no longer its correct mailing address.

17. Had it employed reasonable efforts, AT&T and/or MCF or its agents would have found the correct address for the Charlestown Land Group upon learning that 250 Centerville

True Copy Attest
Office of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

Road, Bldg. F, Warwick RI 02886, was no longer the correct address. For instance, the correct address is set forth in corporate filings located in the Secretary of State's office which could easily be accessed through a corporate search on the Secretary of State's website. In addition, the correct address for the Charlestown Land Group would have been found in documents maintained in the office of the Charlestown Planning Department.

18. Due to the incorrect address for the Charlestown Land Group contained in the Charlestown Tax Assessor's records and AT&T's and/or MCF's insufficient or nonexistent efforts to learn its correct mailing address upon learning that 250 Centerville Road, Bldg. F, Warwick RI 02886, was no longer the correct mailing address, the Charlestown Land Group, the Regans, and the Hultgren Trusts never received notice of the hearing scheduled for July 15, 2003, and subsequent continuances of this hearing, did not know of these hearings, and did not attend these hearings.

19. On August 19, 2003, the board denied AT&T's and MCF's application for a special use permit. For reasons previously mentioned, the Charlestown Land Group, the Regans, and the Hultgren Trusts did not know of and did not attend this hearing.

20. On September 17, 2003, AT&T and MCF filed a complaint in the United States District Court for the District of Rhode Island, C.A. No. 03-421-S, seeking judicial review of the board's denial of its application.

21. On May 24, 2005, the United States District Court for the District of Rhode Island rendered a decision and order in C.A. No. 03-421-S remanding AT&T's and MCF's special use permit application to the board with instructions to issue a written decision on the matter in accordance with 47 U.S.C. § 332(c)(7)(B)(iii), and upon further terms and conditions set forth in the decision and order.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

22. The Charlestown Land Group, the Regans, and the Hultgren Trusts did not know of and did not participate in C.A. No. 03-421-S.

23. Pursuant to the decision and order in C.A. No. 03-421-S, the board held a hearing on AT&T's and MCF's special use permit application on July 19, 2005.

24. Due to the incorrect address for the Charlestown Land Group contained in the Charlestown Tax Assessor's records and AT&T's and/or MCF's insufficient or nonexistent efforts to learn its correct mailing address upon learning that 250 Centerville Road, Bldg. F, Warwick RI 02886, was no longer the correct mailing address, the Charlestown Land Group, the Regans, and the Hultgren Trusts never received notice of the hearing scheduled for July 19, 2005, did not know of this hearing, and did not attend this hearing.

25. On July 19, 2005, the board granted AT&T's and MCF's special use permit application.

26. AT&T's and MCF's failure to make reasonable efforts or any effort at all to find the Charlestown Land Group's correct mailing address upon learning that 250 Centerville Road, Bldg. F, Warwick RI 02886, was no longer the correct mailing address and provide it with notice of the hearing on its application for a special use permit resulted in a denial of Charlestown Land Group's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, § 2 of the Rhode Island Constitution, and the due process rights of all those who own an undivided interest in Lot 96 of Charlestown Tax Assessor's Plat 14, including but not limited to the Regans and the Hultgren Trusts.

True Copy Attest
Office of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

27. This denial of Plaintiffs' due process rights will result in irreparable harm for which there is no adequate remedy at law in that AT&T and MCF will be allowed to proceed to construct its telecommunications tower in accordance with the special use permit granted without

Plaintiffs having any opportunity to offer facts and arguments for denying this special use permit application.

28. Due to the denial of Plaintiffs' due process rights as aforesaid, the board's grant of AT&T's and MCF's special use permit on July 19, 2005, is a nullity.

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that Plaintiffs' due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, § 2 of the Rhode Island Constitution were violated due to AT&T's and/or MCF's failure to make reasonable efforts to learn the correct mailing address for the Charlestown Land Group upon learning that the address in the records in the Charlestown Tax Assessor's office was incorrect;

2. Declare that, due to this violation of Plaintiffs' due process rights, the special use permit granted to AT&T and MCF is null and void;

3. Issue a temporary restraining order and after a hearing a preliminary and permanent injunction barring AT&T and MCF from taking any further action in reliance upon the special use permit application granted by the board on July 19, 2005; and

4. Grant additional relief considered just under the circumstances, including costs.

Plaintiffs,
by their attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

**AFFIDAVIT**

The undersigned, upon being duly sworn, hereby depose and say that we have read the allegations of this complaint and that these allegations are true to the best of our knowledge.

Harold H. Hultgren Revocable Trust,

by ______________________
Harold H. Hultgren

Subscribed and sworn in Westerly, this 29th day of June, 2006.

______________________
Notary public:
My commission expires: 6.23.2009

OFFICIAL SEAL
LINDA E. GARABEDIAN
NOTARY PUBLIC – RHODE ISLAND
My Comm. Expires 6-23-2009

Charlestown Land Group, LLC,

by ______________________
Charles H. Gifford, III
Managing partner

Subscribed and sworn in Westerly, this 29th day of June, 2006.

______________________
Notary public:
My commission expires:

OFFICIAL SEAL
JOHN STOCKWELL PAYNE
NOTARY PUBLIC – RHODE ISLAND
My Comm. Expires 01-01-2010

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

Timothy Regan

Subscribed and sworn in Westerly, this 27th day of June, 2006.

Notary public:
My commission expires:

OFFICIAL SEAL
JOHN STOCKWELL PAYNE
NOTARY PUBLIC – RHODE ISLAND
My Comm. Expires 01-06-2010

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island