UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TIMOTHY REGAN, ET AL

V.

NEW CINGULAR WIRELESS, PCS, LLC, ET AL

C.A. NO. 2006-311S
**Consolidated with:**
C.A. NO. 2003-421S

# NOTICE TO TAKE DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs' attorney will take the deposition of Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, of One Financial Center, Boston, Massachusetts, upon oral examination before a duly authorized notary public or some other duly authorized person at the offices of Moses, Afonso & Jackvony, Ltd., 170 Westminster Street, Suite 201, Providence, Rhode Island, on August 8, 2006, at 2:00 p.m.

A copy of the subpoena duces tecum served or to be served on the deponent is attached hereto and made a part hereof.

Plaintiffs,
by their attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATION**

I certify that on the 26th day of July, 2006, I transmitted a copy of this deposition notice to Peter D. Ruggiero, RUGGIERO, ORTON & BROCHU, 20 Centerville Road, Warwick RI 02886, Christopher J. Zangari, MARINOSCI & ZANGARI, 1575 South County Trail, East Greenwich RI 02818, Richard J. Welch, MOSES, AFONSO & JACKVONY, LTD., 170 Westminster Street, Suite 201, Providence RI 02903, Douglas H. Wilkins, ANDERSON & KREIGER, LLP, 43 Thorndike Street, Cambridge MA 02141, and to Mary Ellen Hall, 108 Walnut Street, Warwick RI 02888, by regular mail, postage prepaid.

Wendy M. Pairnelle

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

TIMOTHY REGAN, ET AL

V.

NEW CINGULAR WIRELESS, PCS, LLC, ET AL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2006-311-S

TO: Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, One Financial Center, Boston MA 02111

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 170 Westminster St., Suite 201, Providence, Rhode Island | 8/8/06 @ 2:00 p.m. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| 170 Westminster St., Suite 201, Providence, Rhode Island | 8/8/06 @ 2:00 p.m. |

__ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty. for Plaintiffs | 7/26/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kelly M. Fracassa, 96 Franklin St., Westerly RI 02891 (401) 596-0321

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

**See Rule 30(b)(6) of the Federal Rules of Civil Procedure:**

The subject matter of this deposition will be whether notice mailed to Charlestown Land Group, LLC, pursuant to R.I. GEN. LAWS § 45-24-42(a)(4) and CHARLESTOWN, R.I., CODE OF ORDINANCES § 218-25B of the special use permit application filed by AT&T Wireless, PCS, LLC, and MCF Communications, Inc., with the Town of Charlestown, Rhode Island, zoning board of review in May of 2003 was returned undelivered for any reason, and if so, what if any efforts were made by AT&T Wireless, PCS, LLC, and MCF Communications, Inc., or its agents to find a correct address for Charlestown Land Group, LLC.

**The person designated to testify at the deposition on behalf of Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, is requested to bring with him or her the following documents:**

1. A true and accurate draft or copy of the notice mailed to Charlestown Land Group of the special use permit application filed by AT&T Wireless, PCS, LLC, and MCF Communications, Inc., in May of 2003 with the Town of Charlestown, Rhode Island, zoning board of review.

2. Any documents indicating the address to which the notice described in request no. 1 above was sent.

3. Any documents, including but not limited to the returned envelope or a copy thereof, indicating whether the notice of the above special use permit application mailed to Charlestown Land Group was returned undelivered for any reason.

4. Any documents indicating, referring or relating to any and all efforts made by AT&T Wireless, PCS, LLC, and MCF Communications, Inc., or its agents to find an alternative mailing address for Charlestown Land Group upon learning that the notice of the above special use permit application mailed to Charlestown Land Group was returned undelivered.