UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TIMOTHY REGAN, ET AL

V.

NEW CINGULAR WIRELESS, PCS, LLC, ET AL

C.A. NO. 2006-311S
**Consolidated with:**
C.A. NO. 2003-421S

# NOTICE TO TAKE DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs' attorney will take the deposition of Defendant MCF Communications, Inc., upon oral examination before a duly authorized notary public or some other duly authorized person at the offices of Moses, Afonso & Jackvony, Ltd., 170 Westminster Street, Suite 201, Providence, Rhode Island, on August 11, 2006, at 2:00 p.m.

## I. SUBJECT MATTER OF THE DEPOSITION

The subject matter of this deposition will be whether notice mailed to Charlestown Land Group, LLC, pursuant to R.I. GEN. LAWS § 45-24-42(a)(4) and CHARLESTOWN, R.I., CODE OF ORDINANCES § 218-25B of the special use permit application filed by AT&T Wireless, PCS, LLC, and/or MCF Communications, Inc., with the Town of Charlestown, Rhode Island, zoning board of review in May of 2003 was returned undelivered for any reason, and if so, what if any efforts were made by AT&T Wireless, PCS, LLC, and/or MCF Communications, Inc., or its agents to find a correct address for Charlestown Land Group, LLC. The deponent(s) will also be asked to authenticate and discuss documents the deponent(s) are requested to bring with them to this deposition as described herein.

Pursuant to FED. R. CIV. P. 30(b)(6), MCF Communications, Inc., must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and shall set forth, for each person designated, the matters on which the person will testify.

The documents the deponent is requested to bring to the deposition are described as follows:

## II. DEFINITIONS AND INSTRUCTIONS

Whenever used in this request, unless the context requires otherwise:

1. "Person" means all individuals and entities, including all natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, municipal corporations, and other entities.

2. The terms "referring" and "relating" to any given subject when used to specify a document, communication, or statement, mean any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, deals with, or is in any manner pertinent to that subject.

3. "Document" means any kind of written, printed or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts of both sides thereof and including but not limited to: catalogs, papers, books, notices, graphs, sketches, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, memoranda, notes, pamphlets, bulletins, manuals, drafts of any documents, working papers, marginal notations, work papers, reports, and recordings of telephone or other conversations, or of interviews, or conferences, or of other meetings, statements, contracts, invoices, agreements, ledgers, journals, books or records of account, summaries of accounts, balance sheets, income statements, checks (front and back), check stubs, receipts, desk calendars, rough or scratch pad notes, lists, tabulations, summaries, advertisements, articles in any kind of publication, data processing input and output, microfilms, videotapes, all other records kept by electronic, photographic or mechanical means, and things

similar to any of the foregoing, however denominated, and other documents or writings of whatever description. It includes documents prepared by parties and non-parties and their respective partners, associates, officers, agents, employees, directors, servants, and any other persons acting on behalf of any of the foregoing.

The term "document" also includes non-identical copies of original documents upon which notations in writing or diagrams have been made which do not appear on the original.

4. "You" and "your" refer to the particular party or parties to whom this request is made, their agents, representatives, and all other persons acting on their behalf.

5. "Communication" means any transfer or exchange, written or oral, between two or more persons of any information in the form of facts, ideas, inquiries, instructions, or otherwise, including but not limited to personal conversations, telephone calls, correspondence, telegrams, cables, faxes, reports, memoranda, notes, e-mails, and any other understandings between two or more people.

6. Each request contemplates production of the document or documents in their entirety, without abbreviation or deletion.

7. If any requested document has been lost, discarded, or destroyed, identity each such document as completely as possible by stating the type of document, the information contained therein, its date, the name and address of the person who authored or originally produced it, and the name and address of each person furnished with the original or a copy thereof.

8. This request is continuing in nature. If you later gain possession, custody, or control of any responsive documents that have not been produced, you are requested to produce any such documents for inspection and copying.

9. "Or" and "and" shall be construed either conjunctively or disjunctively, to make the scope of the request more inclusive.

10. The singular shall include the plural and vice versa.

11. All requests should be construed so as not to violate any applicable privilege.

## III. DOCUMENTS TO BE PRODUCED AT THE DEPOSITION

1. A true and accurate draft or copy of the notice mailed to Charlestown Land Group of the special use permit application filed by AT&T Wireless, PCS, LLC, and/or MCF Communications, Inc., in May of 2003 with the Town of Charlestown, Rhode Island, zoning board of review.

2. Any documents indicating the address to which the notice described in request no. 1 above was sent.

3. Any documents, including but not limited to the returned envelope or a copy thereof, indicating whether the notice of the above special use permit application mailed to Charlestown Land Group was returned undelivered for any reason.

4. Any documents indicating, referring or relating to any and all efforts made by AT&T Wireless, PCS, LLC, and/or MCF Communications, Inc., or its agents to find an alternative mailing address for Charlestown Land Group upon learning that the notice of the above special use permit application mailed to Charlestown Land Group was returned undelivered.

Plaintiffs,
by their attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
96 Franklin Street
P.O. Box 2976
Westerly, RI 02891
(4010 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATION**

I certify that on the 27th day of July, 2006, I transmitted a copy of this deposition notice to Peter D. Ruggiero, RUGGIERO, ORTON & BROCHU, 20 Centerville Road, Warwick RI 02886, Christopher J. Zangari, MARINOSCI & ZANGARI, 1575 South County Trail, East Greenwich RI 02818, Richard J. Welch, MOSES, AFONSO & JACKVONY, LTD., 170 Westminster Street, Suite 201, Providence RI 02903, Douglas H. Wilkins, ANDERSON & KREIGER, LLP, 43 Thorndike Street, Cambridge MA 02141, and to Mary Ellen Hall, 108 Walnut Street, Warwick RI 02888, by regular mail, postage prepaid.

Wendy M. Lavanelle

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TIMOTHY REGAN, ET AL

V.

NEW CINGULAR WIRELESS, PCS, LLC, ET AL

C.A. NO. 2006-311S
**Consolidated with:**
C.A. NO. 2003-421S

# NOTICE TO TAKE DEPOSITION

PLEASE TAKE NOTICE that Plaintiffs' attorney will take the deposition of Defendant New Cingular Wireless, PCS, LLC, upon oral examination before a duly authorized notary public or some other duly authorized person at the offices of Moses, Afonso & Jackvony, Ltd., 170 Westminster Street, Suite 201, Providence, Rhode Island, on August 11, 2006, at 2:30 p.m.

## I. SUBJECT MATTER OF THE DEPOSITION

The subject matter of this deposition will be whether notice mailed to Charlestown Land Group, LLC, pursuant to R.I. GEN. LAWS § 45-24-42(a)(4) and CHARLESTOWN, R.I., CODE OF ORDINANCES § 218-25B of the special use permit application filed by AT&T Wireless, PCS, LLC, and/or MCF Communications, Inc., with the Town of Charlestown, Rhode Island, zoning board of review in May of 2003 was returned undelivered for any reason, and if so, what if any efforts were made by AT&T Wireless, PCS, LLC, and/or MCF Communications, Inc., or its agents to find a correct address for Charlestown Land Group, LLC. The deponent(s) will also be asked to authenticate and discuss documents the deponent(s) are requested to bring with them to this deposition as described herein.

Pursuant to FED. R. CIV. P. 30(b)(6), New Cingular Wireless, PCS, LLC, must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its

behalf and shall set forth, for each person designated, the matters on which the person will testify.

The documents the deponent is requested to bring to the deposition are described as follows:

## II. DEFINITIONS AND INSTRUCTIONS

Whenever used in this request, unless the context requires otherwise:

1. "Person" means all individuals and entities, including all natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, municipal corporations, and other entities.

2. The terms "referring" and "relating" to any given subject when used to specify a document, communication, or statement, mean any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, deals with, or is in any manner pertinent to that subject.

3. "Document" means any kind of written, printed or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts of both sides thereof and including but not limited to: catalogs, papers, books, notices, graphs, sketches, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, memoranda, notes, pamphlets, bulletins, manuals, drafts of any documents, working papers, marginal notations, work papers, reports, and recordings of telephone or other conversations, or of interviews, or conferences, or of other meetings, statements, contracts, invoices, agreements, ledgers, journals, books or records of account, summaries of accounts, balance sheets, income statements, checks (front and back), check stubs, receipts, desk calendars, rough or scratch pad notes, lists, tabulations, summaries,

advertisements, articles in any kind of publication, data processing input and output, microfilms, videotapes, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated, and other documents or writings of whatever description. It includes documents prepared by parties and non-parties and their respective partners, associates, officers, agents, employees, directors, servants, and any other persons acting on behalf of any of the foregoing.

The term "document" also includes non-identical copies of original documents upon which notations in writing or diagrams have been made which do not appear on the original.

4. "You" and "your" refer to the particular party or parties to whom this request is made, their agents, representatives, and all other persons acting on their behalf.

5. "Communication" means any transfer or exchange, written or oral, between two or more persons of any information in the form of facts, ideas, inquiries, instructions, or otherwise, including but not limited to personal conversations, telephone calls, correspondence, telegrams, cables, faxes, reports, memoranda, notes, e-mails, and any other understandings between two or more people.

6. Each request contemplates production of the document or documents in their entirety, without abbreviation or deletion.

7. If any requested document has been lost, discarded, or destroyed, identity each such document as completely as possible by stating the type of document, the information contained therein, its date, the name and address of the person who authored or originally produced it, and the name and address of each person furnished with the original or a copy thereof.

8. This request is continuing in nature. If you later gain possession, custody, or control of any responsive documents that have not been produced, you are requested to produce any such documents for inspection and copying.

9. "Or" and "and" shall be construed either conjunctively or disjunctively, to make the scope of the request more inclusive.

10. The singular shall include the plural and vice versa.

11. All requests should be construed so as not to violate any applicable privilege.

## III. DOCUMENTS TO BE PRODUCED AT THE DEPOSITION

1. A true and accurate draft or copy of the notice mailed to Charlestown Land Group of the special use permit application filed by AT&T Wireless, PCS, LLC, and/or MCF Communications, Inc., in May of 2003 with the Town of Charlestown, Rhode Island, zoning board of review.

2. Any documents indicating the address to which the notice described in request no. 1 above was sent.

3. Any documents, including but not limited to the returned envelope or a copy thereof, indicating whether the notice of the above special use permit application mailed to Charlestown Land Group was returned undelivered for any reason.

4. Any documents indicating, referring or relating to any and all efforts made by AT&T Wireless, PCS, LLC, and/or MCF Communications, Inc., or its agents to find an alternative mailing address for Charlestown Land Group upon learning that the notice of the above special use permit application mailed to Charlestown Land Group was returned undelivered.

Plaintiffs,
by their attorney,

Kelly M. Fracassa #3699
NACCARATO & FRACASSA
96 Franklin Street
P.O. Box 2976
Westerly, RI 02891
(4010 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATION**

I certify that on the 27th day of July, 2006, I transmitted a copy of this deposition notice to Peter D. Ruggiero, RUGGIERO, ORTON & BROCHU, 20 Centerville Road, Warwick RI 02886, Christopher J. Zangari, MARINOSCI & ZANGARI, 1575 South County Trail, East Greenwich RI 02818, Richard J. Welch, MOSES, AFONSO & JACKVONY, LTD., 170 Westminster Street, Suite 201, Providence RI 02903, Douglas H. Wilkins, ANDERSON & KREIGER, LLP, 43 Thorndike Street, Cambridge MA 02141, and to Mary Ellen Hall, 108 Walnut Street, Warwick RI 02888, by regular mail, postage prepaid.

Wendy M. Paccarelle